IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

ROBERT KRILICH, JR.,

        Plaintiff Pro Se,

v.

D. WINN, WARDEN F.M.C. DEVENS,

    and

VICTORIA FERNANDEZ, J-UNIT MANAGER
        F.M.C. DEVENS

    and

D. SULLIVAN, CASE MANAGER J-UNIT
        F.M.C. DEVENS

    and

QUILES, COUNSELOR J-UNIT
        F.M.C. DEVENS

        Defendants

04-40131

Civil No. _____

RECEIPT # 404363
AMOUNT $ 150.00
SUMMONS ISSUED ___
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. K Hassett
DATE 7-12-04

ooOOIOOoo

**COMPLAINT BROUGHT PURSUANT TO BIVENS V.**

**SIX UNKNOWN BUREAU OF NARCOTIC AGENTS**

**&**

**PETITION FOR TEMPORARY RESTRAINING ORDER**

**&**

**MOTION FOR PERMANENT INJUNCTION AGAINST DEFENDANTS**

---

COMES NOW the Plaintiff Robert Krilich, Jr., Pro Se, in the above titled Civil Action against the Defendants alleging the violation of his First Amendment Constitutional Rights and seeking

a Temporary Restraining Order to be followed after a Hearing if required by a Permanent Injunction against the actions of the named defendants based upon the following facts and information :

### I. VENUE & JURISDICTION

The Venue is appropriate in that this Court is the Court that has Jurisdiction over the defendants whose actions took place and continue to take place at the Federal Medical Center Devens, 42 Payton Road, Ayer, Massachusetts 01432.

Jurisdiction of this Honorable Court is invoked pursuant to the Supreme Court Decision of <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u> (1971) 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 in that Plaintiff alleges violation of his First Amendment Constitutional Rights under color of law by action of federal officials in their official capacities at the Federal Medical Center Devens, Ayer, Massachusetts.

### II. FACTS OF THE CASE

Plaintiff Robert Krilich, Jr. is the natural son of his father Robert Krilich, Sr. who is currently incarcerated at the Federal Medical Center Devens, Ayer, Massachusetts for violation of 18 U.S.C. § 1962(d), Racketeering Conspiracy, and 18 U.S.C. § 1014, False Statements to a Bank. He is currently Serving a Sentence of imprisonemnt of 135 months at that facility because of his numerous medical problems including a severe heart condition. Robert Krilich, Sr. is 73-years of age and not in good health.

The Plaintiff Robert Krilich, Jr. had previously been approved to visit his father at other federal Institutions.

See Exhibit No.1, "Warden's Response to Inmate Request to Staff Member" in which the Warden writes "Your son was re-evaluated and approved for visitation based on the Bureau of Prisons policy of maintaining familty ties, whenever possible." The other person whose visitation was being disputed, Kim Plencner was denied such visitation because he was not "family".

The reason for the initial questioning of the permissibility of Plaintiff visiting his father was because Plaintiff was on Probation at the time. See Exhibit No. 2, Letter dated June 25, 2003 from U.S. Probation Office advising Supervision was being terminated on 6/18/03 as to this Plaintiff.

Initially upon arriving at F.M.C. Devens, Plaintiff was placed upon his father's visiting list. See Exhibit No. 3, "Devens FMC Inmate Visiting List-Inmate Copy" and Plaintiff listed as the seventh entry upon that list.

Plaintiff made several visits to his father while he was at F.M.C. Devens as he had previously visited him at other federal Institutions where his father had been incarcerated. However, on or about February, 2003 Plaintiff was presented with a Criminal Information by the United States Attorney for the Southern District of New York involving his alleged minimal participation in an MMDA (Ecstasy) drug conspiracy. See Exhibit No. 4, Copy of Criminal Information. Subsequently Plaintiff was indicted upon the same offense.by Criminal Indictment No. 03-CR-0174. See Exhibit No. 5, Copy of federal Indictment from the Southern District of New York.

As a result of the Indictment Plaintiff was sent a letter by the F.M.C. Devens Warden D. Winn on March 8, 2004 to his former address in Chicago, Illinois. Plaintiff had moved from that address only recently and never received the letter until only recently. However, although the Plaintiff had visited his father sometime during May, 2004 _after_ the date on the letter without incident, when he attempted to visit him in June, 2004, he was refused entrance and had to return home. See Exhibit No. 6, Letter sent by Warden D. Winn dated March 8, 2004.

The Petitioner was subjected to a Supervision Release Hearing before the Honorable Judge Susan B. Conlon in the United States District Court for the Northern District of Illinois on March 22, 1995 [sic] [Note: should be March 22, 2003] in which the Supervision status of Plaintiff was sought to be revoked because of the Indictment in the Southern District of New York. The Court Held "Well, I don't find sufficient evidence to support revocation of supervised release on this showing. So the rule is discharged." See Exhibit No. 7, Transcript of Revocation Hearing, Page 7, L. 19-21.

Petitioner remains free on Bond and free to travel in the continental United States for business and personal purposes. Yet, on the basis of the Indictment, he has been refused permission to continue to see his father at the Institution where he is located.

The letter denying him visiting privileges states that the basis for the denial was "Outstanding Indictments in the Southern District of New York" and "Continuous Criminal Activity".(Exhibit No.6.)

4.

Yet, there is a legal presumption that a person is innocent of a crime charged against him until he is found guilty in a Court of law. The allegation of "Continuous Criminal Activity" cannot be supported under this theory of law. As far as the Indictment is concerned, a federal Judge did not find the evidence of criminal activity sufficient to support a Supervision Revocation. Yet, the Bureau of Prisons through the named defendants alleges that as a basis for denying Plaintiff visiting privileges with his elderly sick father. This position also cannot be sustained legally.

Bureau of Prisons Policy Statement 5267.05 on "Visiting Regulations" states: "The existence of a criminal conviction alone does not preclude visits. Staff shall give consideration to the nature, extent and recentness of convictions, as weighed against the security considerations of the institution. Additionally, the Warden may restrict inmate visiting when necessary to ensure the security and good order of the institution." Plaintiff's father is not named in nor in any manner involved in the Indictment now pending aginst this Plaintiff. As Exhibit No. 1 states from the Warden of Federal Medical Center Lexington : "Your son was re-evaluated and approved for visitation based on the Bureau of Prisons policy of maintaining family ties, whenever possible." This position and Bureau of Prison Policy statement 5267.05 cannot possibly militate against Plaintiff visiting his elderly and sick father who is 73-years of age and in failing health.

The refusal of the defendants to allow Plaintiff visitation with his father violates his First Amendment Constitutional Rights. Such denial represents an abuse of official discretion under color of federal law. It ought not be allowed by this Honorable Court.

III. PRAYER FOR RELIEF

A. PRAYER FOR COMPENSATORY DAMAGES

Plaintiff Prays for the sum of Two Thousand Five Hundred Dollars ($2,500.00) to compensate him for his airline tickets from the state of Arizona where he now lives, hotel rental, car rental and miscellaneous expenses incurred in his most recent visit to see his father at F.M.C. Devens where he was refused permission to visit with him and had to return home without seeing his father after having incurred all of those expenses.

B. PRAYER FOR PUNITIVE DAMAGES

Plaintiff Prays for the sum of One Million Dollars ($1,000,000.00) to compensate him for the pain and suffering inflicted upon him for improperly refusing to allow him to visit with his father and their abuse of discretion in doing so. Defendants have allowed other inmates visitors under indictment and on Supervision Probation numerous times previously, but denied such visitation to Plaintiff's father based upon improper motivation stemming from feelings of personal animosity and malice toward Plaintiff's father which are well documented in the numerous petty Disciplinary Reports meted out to him. Any examination will show the veracity of this allegation if the Court holds a Hearing as to this allegation.

C. PRAYER FOR ORDER TO REINSATE VISITATION

Plaintiff Prays for an Order of this Court to reinsate his visiting privileges with his father so that they may enjoy each other's association and companionship however temporary and fleeting.

IV. MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Moves this Honorable Court for a Temporary Restraining Order to allow him immediate access to visit his father

based upon the following paradigm for seeking a Temporary Restraining Order:

1. Plaintiff has no adequate remedy at law;

2. Plaintiff avers that the public will not be harmed by Grnating to him the relief that he requests;

3. Plaintiff avers that he will be irrevocably harmed if not Granted the Relief requested in that his father is ailing and 73-years of age and in poor health with numerous ailments including heart problems. If his father should become more severely ill, or God Forbid, pass away, he will forever have foregone the opportunity to visit with his father, converse about family matters and this Plaintiff's various problems, and even if later found not Guilty of his indicted upon offenses, will never be able to recover those lost visitation opportunities if such events come to pass.

4. Plaintiff avers that based upon First Amendment Constitutional considerations and case law, as well as Federal Bureau of Prison Policy Statements, Plaintiff is more than likely to prevail upon his lawsuit against the defendants, and in fact most likely to prevail.

WHEREAS in consideration of all of the foregoing, Plaintiff Prays that he be Granted a Temporary Restrining Order against the defendants' actions Denying him visitation with his father at F.M.C. Devens.

V. MOTION FOR A PERMANENT INJUNCTION

Plaintiff Moves that the Temporary Restraining Order be made permanent until such time as the defendants can make a Showing that the Order should be rescinded and Plaintiff no longer Granted any visitation based upon proper Bureau of Prison Policy considerations.

VI. PRAY FOR SUCH OTHER RELIEF AS THE COURT DEEMS NECESSARY.

Plaintiff Prays for such other Relief as this Court may deem necessary and Just to aid in the cause of this Plaintiff and his father.

Respectfully submitted,

_____
Robert Krilich, Jr., Plaintiff Pro Se
10401 McDowell Mountain Ranch
2-104
Scottsdale, Arizona  85255


### DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746

I HEREBY DECLARE under penalty of perjury that the facts and information in the attached COMPLAINT BROUGHT PURSUANT TO BIVENS V. SIX UNKNOWN BUREAU OF NARCOTIC AGENTS and attached Exhbiits are true and correct based upon my best information and belief.

7/5/04                              _____
(Date)                              Robert Krilich, Jr., Declarant


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I haved mailed a true and correct original of the attached COMPLAINT BROUGHT PURSUANT TO BIVENS V. SIX UNKNOWN BUREAU OF NARCOTIC AGENTS and attached Exhibits  to :

UNTIED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
CLERK OF THE COURT
U.S. COURTHOUSE
ONE COURTHOUSE WAY
BOSTON, MA  02210

and placed same in the U.S. mails by depositing same in a Postal Box for forwarding on  7/6/04 .
                                        (Date)

_____
(Signature of Person Mailing)

8.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Krilich, Jr.

**DEFENDANTS**
D. Winn, Warden F.M.C. Devens, et al.

2004 JUL -9 P 12:36
U.S. DISTRICT COURT
DISTRICT OF MASS

(b) County of Residence of First Listed Plaintiff  **Maricopa**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **Wooster**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro se Robert Krilich, Jr.
10401 McDowell Mountain Rd., 2-104
Scottsdale, AZ 85255

Attorneys (If Known)
**04-40131**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Bivens Action, Tro & Motion for Permanent Injunction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE  7/5/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Robert Krilich, Jr., v. D. Winn, Warden F.M.C. Devens, et. al**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **04-40131**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [X]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Robert R. Krilich, Jr.**
ADDRESS   **10401 McDowell Mountain Road 2-104, Scottsdale, AZ 85255**
TELEPHONE NO.   **(480) 636-1125**

(Coversheetlocal.wpd - 10/17/02)